CHARLES P. NORCROSS, complainant-respondent,

*v.*

1016 FIFTH AVENUE CO., INC., a corporation of New York, defendant-appellant.

[Argued October 24th, 1939. Decided January 25th, 1940.]

*Mr. Frank P. McCarthy (Mr. John G. Flanigan,* on the brief), for the complainant-respondent.

*Messrs. Gross & Blumberg (Mr. Joel Gross,* of counsel), for the defendant-appellant.

PER CURIAM.

The appeal is from a decree granting leave to respondent to file a bill to review. The basis for the petition for review was alleged newly discovered evidence.

It is well settled that it is necessary in order to obtain relief of this kind to establish not only newly discovered evidence but that it is competent, material to the issue, likely to change the result and that by due diligence it was not ascertainable at the time of trial.

We conclude that the learned vice-chancellor was in error in advising the decree appealed from because the evidence,

in our view, was neither newly discovered nor was due diligence exercised in obtaining it. Respondent rests his arguments on those grounds, so having reached our conclusion thereon it becomes unnecessary to consider other points advanced by the appellant.

Suffice it to say that the so-called newly discovered evidence was books of account kept in London and a London bank book in possession of the bank. Books of account of the same business transactions were also kept in this country, were freely referred to and testified from at the final hearing. Full knowledge of the existence and whereabouts of the books in England were known by respondent during the proceedings. It is argued that it was difficult to obtain the bank book and that a considerable time was required to do so. That does not apply to the books of account nor to the check book, presumably kept, of the London bank account, all of which were the property of respondent's wife. Both respondent and his wife were parties to the series of litigation in New York and in this state for the recovery of a debt of both which culminated in the chancery proceedings and both of whom were witnesses there. The existence of this evidence nor of any difficulty or inconvenience in procuring same was not mentioned during the proceedings. And yet it is now alleged that this evidence was not available until more than two years after the institution of the attachment suit at law (the enjoining of which was the subject-matter of the chancery action); eleven months after the date of the final decree; and eight months after the time for appeal had expired. This clearly was not newly discovered evidence, irrespective of its materiality and importance. It is equally clear that there was not due diligence.

The decree appealed from is reversed, with directions that the petition be dismissed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 14.